## Morris Black & Sons, Inc., v. Allentown Supply Corp.

*Morris Efron,* for plaintiff.
*Morris Shafer,* for defendant.

DIEFENDERFER, J., July 6, 1948.—Plaintiff filed its complaint against defendant corporation on April 8, 1948, alleging an amount of $1,290.87 due plaintiff by defendant for material delivered at various times and dates. Preliminary objections were filed by defendant corporation, requesting a more specific complaint and, alternatively, a demurrer on the ground that the pleadings failed to show any relationship between the Allentown Supply Corporation and the Allentown Supply Company. The case was placed upon the argument list June 7, 1948.

As to the rule for more specific complaint, the first question raised is: Has plaintiff filed a complaint so worded that defendant is informed with accuracy and completeness the specific basis on which recovery is sought so that he may know without question upon

what grounds to make his defense? The second question raised by the demurrer is: Are the allegations of the complaint supported by the exhibit attached thereto so as to present sufficient material facts to constitute a valid cause of action or does the exhibit contradict the allegations or fail to support them so as to make the complaint appear defective on its face?

In answer to the first question, the new Rules of Civil Procedure provide that the complaint must not only be precise and concise, but it must exhibit with accuracy and completeness the ground on which the recovery is sought. An examination of the exhibits contained in the statement of claim shows a billing to the Allentown Supply Corporation and a series of delivery slips, indicating deliveries to the Allentown Supply Company. It would appear that this question should be raised at the time of trial, as it would be rather difficult, on the record, to rule that the Allentown Supply Corporation and the Allentown Supply Company may be two separate entities. Certainly defendant corporation would know better than any one else whether it received the merchandise shipped and if it did not receive the merchandise, it is a simple matter for the defense to show that fact.

The second question relates to the demurrer and would indicate that plaintiff failed to indicate or allege any connection between the Allentown Supply Corporation and the Allentown Supply Company. This resolves itself primarily into a speaking demurrer and the objection, if valid, should be raised at the time of trial and not by demurrer. A demurrer strikes only at matters of record and the so-called distinction between the two names does not technically appear of record in the action. It would, therefore, appear that such matters should probably be raised at the trial of the case.